# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF ALABAMA
## NORTHERN DIVISION (SELMA)

IN RE:                           \*

                                \*   CASE NO: 10-00276

PERRY UNIONTOWN VENTURES I, LLC,  \*

                                \*   CHAPTER 11

      Debtor.                   \*

## MOTION OF THE DEBTOR FOR ORDER AUTHORIZING THE JOINT ADMINISTRATION OF DEBTOR'S CHAPTER 11 CASE PURSUANT TO BANKRUPTCY RULE 1015(b)

Perry Uniontown Ventures I, LLC, the above-captioned Debtor and Debtor-in-Possession hereby moves this Court for entry of an order pursuant to Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule") 1015(b), authorizing the joint administration of its Chapter 11 case (the "Motion") with Perry County Associates, LLC's pending Chapter 11, case no. 10-00277. In support of this Motion, the Debtor respectfully represents as follows:

## INTRODUCTION

1.      On the date hereof (the "Petition Date"), the Debtor filed with this Court its voluntary petition for relief under Chapter 11, title 11 of the United States Code (the "Bankruptcy Code").

2.      Pursuant to sections 1107 and 1108 of the Bankruptcy Code, the Debtor is continuing to operate its businesses and manage its properties and assets as Debtor-in-Possession.

3. By this motion, the Debtor seeks to consolidate the Debtor's Chapter 11 case for procedural purposes only with the pending Chapter 11 case of one of its principals, Perry County Associates, LLC.

## THE DEBTOR'S BUSINESS

4. The Debtor's business consists of the ownership of the Arrowhead Landfill in Perry County, Alabama ("Landfill").

5. The Debtor is a Georgia LLC owned soley by John K. Porter, Jr. In turn, Perry Uniontown Venture I, LLC ("PUV") is the sole Member and Manager of Perry County Associates, LLC ("PCA").

6. In addition to commonality of ownership, there are numerous interrelated obligations.

## FACTUAL BACKGROUND

7. PUV was created in 2006 to purchase property in Perry County, Alabama and develop a landfill. The development was primarily financed by the issuance of notes to Metropolitan Life Insurance Company and Ensign Peak Advisors, Inc. (the "Noteholders").

8. On August 30, 2007, PUV, as the Owner, and Phillips and Jordan, Inc. ("P&J"), as the Contractor, entered into the "PCA Landfill Operations Agreement" (the "Agreement"), governing the development and operation of the Landfill. Among other things, the Agreement required P&J to assume the accounting functions for the Landfill.

9. On October 10, 2007, the parties agreed to an assignment of the Agreement to Defendant Phill-Con Services, LLC ("Phill-Con").

10.     On information and belief, Phill-Con is an affiliate of P&J that was created by P&J for the purpose of accepting the assignment of the Agreement.

11.     As operators of the Landfill, P&J and/or Phill-Con have collected millions of dollars of payments from the Tennessee Valley Authority ("TVA") for the disposal of more than a million tons of coal ash into the Plaintiff's landfill.  They have also collected substantial sums, from other parties, for the disposal of other waste into the landfill.

12.     On September 29, 2009, P&J Chief Financial Officer J. Patrick McMullen sent a letter to PUV, claiming that P&J was owed certain amounts under the Agreement and that those sums were past due.

13.     In that same letter, P&J claimed the right to set-off the amounts allegedly owed to P&J against the amounts due PUV under the Agreement.

14.     In that same letter, P&J also indicated it would provide a monthly accounting of the amounts set off and the remaining amounts it claimed were owed to P&J.

15.     The Agreement provides no such right to set-off.

16.     On information and belief, P&J has also been withholding funds derived from Landfill revenues to offset monies allegedly owed to it (by another entity) in connection with the development of waste management facilities near Passaic, New Jersey.

17.     Based upon the positions stated in the September 29, 2009 letter and otherwise, P&J and/or Phill-Con have refused to remit to PUV either; (1) those funds owed to PUV; or (2) those funds to be held for the benefit of its creditors.

18.     Those funds apparently applied by P&J as set-offs were funds that should have been paid to PUV and/or would have been used to make a scheduled payment to the Noteholders.  As a result of the set-off, PUV could not make the payment.  The present bankruptcy proceedings resulted.

19.     The Debtors intend, through these proceedings, to develop a long term operational plan with a financial restructuring plan of the Arrowhead Landfill.

### JOINT ADMINISTRATION OF THESE CASES IS WARRANTED

20.     The Debtor seeks the joint administration and consolidation of its Chapter 11 case for procedural purposes only pursuant to Bankruptcy Rule 1015(b), which provides, in relevant part:

> If a joint petition or two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates.

Fed. R. Bank. P. 1015(b).

21.     The Debtors here are "affiliates" as that term is defined in section 101(2) of the Bankruptcy Code. Accordingly, the Court is authorized to grant the relief requested herein.

22.     Joint administration of the Debtors' cases is appropriate because the Debtors have interrelated debts and ownership and intend to file with this Court numerous joint motions and applications, and will file a joint plan of reorganization and a joint disclosure statement. Thus, the joint administration of these cases, including the combining of notices to creditors of the respective estates, as well as the notices and hearing of all matters at the same time, including without limitation, motions and

adversary proceedings, will promote the economical, efficient and convenient administration of the Debtors' estates. The Court will be relieved of the burdens of entering duplicate orders and maintaining duplicate files. Supervision of the administrative aspects of the Chapter 11 cases by the Court and the Office of the Bankruptcy Administrator also will be simplified.

23.     The rights of the creditors of each Debtor will not be adversely affected by joint administration of these cases, and in fact, are likely to be enhanced because joint administration should reduce administrative costs. Joint administration is not intended to affect creditors' substantive rights, and thus, unless the Court orders otherwise, each creditor shall be entitled to file its claim against the particular estate which owes it money.

24.     By reason of the foregoing, the interests of the Debtors, their creditors and equity security holders will best be served by the joint administration of the above-captioned cases.

25.     The Debtors request that one file and one docket should be maintained for the jointly administered cases, which should be the file and docket established for Perry Uniontown Ventures I, LLC, and the caption should read as follows:

**PERRY UNIONTOWN VENTURES I, LLC, et al**
**Case No:  10-00276**
**Chapter 11**
**Jointly Administered.**

26.     The Debtors do not seek substantive consolidation by this Motion, but reserve the right to do so in the future pursuant to a separate motion.

27. Notice of this motion has been given to the Bankruptcy Administrator for the Southern District of Alabama and the Debtors' secured creditors. The Debtors submit that under the circumstances, no other or further notice is required.

28. The Debtors have not previously sought the relief requested herein from this or any other Court.

WHEREFORE, the Debtors, as debtors-in-possession, seek from this Court entry of an order consolidating for administrative purposes the Debtors' Chapter 11 cases and granting such other and further relief as is just and proper.

Submitted this the 26th day of January, 2010.

/s/Jeffery J. Hartley
JEFFERY J. HARTLEY (HART4885)
CHRISTOPHER T. CONTE (CONTC7094)
Attorneys for Debtors
(Pending Approval)

Of counsel:
HELMSING, LEACH, HERLONG,
    NEWMAN & ROUSE, P.C.
Post Office Box 2767
Mobile, AL 36652
(251) 432-5521
(251) 432-0633 Fax

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this the 26th day of January, 2010, served a copy of the referenced pleading upon each of the persons and/or entities listed on the mailing matrix either by electronic mailing or by U.S. Mail, properly addressed and first class postage prepaid.

Bankruptcy Administrator
Post Office Box 3083
Mobile, AL  36652

/s/Jeffery J. Hartley
OF COUNSEL

Doc. #231694