UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION (SELMA)

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| PERRY UNIONTOWN VENTURES I, LLC | ) ) ) ) | CASE NO: 10-00276 CHAPTER 11 |
| Debtor. | ) | |

### LIMITED OBJECTION TO DEBTOR'S APPLICATION TO EMPLOY COUNSEL FOR THE DEBTOR

COMES NOW, U.S. Bank National Association ("U.S. Bank"), through its undersigned counsel, and files its Limited Objection (the "Objection") to the Debtor's Application to Employ Counsel for the Debtor [Doc. No. 3] (the "Application"). In support hereof, U.S. Bank states as follows:

### BACKGROUND

1.  U.S. Bank acts as the trustee under that certain Trust Indenture (the "Indenture") dated as of September 6, 2007, by and between Perry Uniontown Ventures I, LLC (the "Debtor"), as Issuer, and U.S. Bank, as Trustee, pursuant to which the Debtor authorized the issuance of the $58,600,000 Perry Uniontown Venture I, LLC Solid Waste Landfill Notes, Series 2007, due July 1, 2010 (as may from time to time be modified, supplemented or amended, the "Notes").

2.  The net proceeds from the Notes were to be used to: (i) provide funds to repay temporary financing with respect to the Perry County Associations Landfill located in Perry County, Alabama; (ii) fund the construction and equipping of Tract 1 and a portion of the three

rail spurs; (iii) fund to certain accounts under the Indenture; and (iv) pay certain costs associated with the issuance of the Notes.

3. In order to induce the holders of the notes (the "<u>Noteholders</u>") to purchase the Notes, and to secure the payment of the indebtedness of the Indenture and Notes, the Debtor provided that certain Mortgage and Security Agreement dated September 7, 2007 (as may from time to time be modified, supplemented or amended, the "<u>Mortgage</u>") by and between the Debtor and the Trustee.

4. The Mortgage grants the Noteholders a first priority, continuing lien and security interest in (i) all right, title and interest of the Debtor in and to that certain real estate located in the county of Perry, State of Alabama (the "<u>Land</u>"); (ii) all right, title and interest of the Debtor in and to all buildings, structures and other improvements on the Land and all rents, income, revenues, issues and profits from and in respect to the Land (the "<u>Mortgage Cash Collateral</u>"); and (iii) all personal property, including all furnishings, equipment, fixtures, supplies, signs and any other equipment used or useful in connection with the operations of the Land, and all additions and appurtenances thereto (the "<u>Personal Property</u>"), among other things.

5. To further secure the payment of the indebtedness of the Indenture and Notes, the Debtor and John K. Porter, Jr. ("Porter") entered into a Pledge and Security Agreement (the "<u>Pledge</u>") dated September 6, 2007 whereby the Debtor and Porter granted the Noteholders a first priority, continuing lien and security interest in the membership interest of the Debtor and the membership interest of Perry County Associates, LLC (the "<u>Membership Interests</u>"), together with all interest, income, distributions and earnings or other monies or revenues derived from any and all of the Membership Interests, and all proceeds of any and all of the Membership

40251 v1    2
Case 10-00276   Doc 38   Filed 02/03/10   Entered 02/03/10 14:22:53   Desc Main
Document   Page 2 of 5

Interests (whether cash or noncash) (the "Pledge Cash Collateral," and collectively with Mortgage Cash Collateral, the "Cash Collateral").

6. On January 26, 2010, the Debtor filed the Application requesting the Court authorize it to employ the law firm of Helmsing, Leach, Herlong, Newman & Rouse, P.C. (the "Helmsing Firm") as attorneys under a general retainer to give legal advice with respect to the business and management of the Debtor's property, and as the Debtor's general bankruptcy counsel. *See* Application ¶ 2 and Exhibit A.

## **OBJECTION**

7. U.S. Bank objects to the relief requested in the Application to the extent it seeks to incur administrative expense costs at the expense of U.S. Bank's Cash Collateral. Pursuant to section 363(b) of the Bankruptcy Code, the Debtor may not use the Cash Collateral unless U.S. Bank consents, or the Court, after notice and a hearing, authorizes such use in accordance with section 363(b) of the Bankruptcy Code. Moreover, at any time, on request of an entity that has an interest in property used or proposed to be used by the Debtor, the Court must prohibit or condition such use as is necessary to provide adequate protection of such interest. 11 U.S.C. §363(e). The Debtor bears the burden of proving that U.S. Bank, as a secured creditor, will be adequately protected during any use of the Cash Collateral or other collateral by the Debtor, including use during an interim period pending entry of a final order. *See* 11 U.S.C. § 363(p)(1).

8. In the Application, the Debtor is seeking to incur administrative expense costs at U.S. Bank's expense. The Debtor cannot dispute that all of its income, revenues, issues and profits serve as collateral for the Indenture and Notes. Thus, any administrative expense costs incurred through legal fees to the Helmsing Firm will ultimately be paid out of the Cash

Collateral belonging to U.S. Bank. Accordingly, U.S. Bank submits that the Application should be denied to the extent it seeks to incur administrative expense costs at the expense of U.S. Bank's Cash Collateral.

**RESERVATION OF RIGHTS**

9. Consistent with the foregoing, U.S. Bank expressly reserves, and does not waive, any and all rights, claims and/or defenses under its contractual or other arrangements with the Debtor, including the Indenture and Notes. In particular, U.S. Bank reserves the right to oppose any additional use by the Debtor of Cash Collateral sought at any hearing on Cash Collateral, including on the grounds that U.S. Bank's interests are not being adequately protected.

**WHEREFORE,** for the reasons stated, U.S. Bank respectfully requests this Court:

(a) sustain this Objection;

(b) refuse to approve the Application or, alternatively, approve the Application as modified to resolve the issues raised in this Objection; and

(c) grant U.S. Bank such other and further relief as may be just and proper.

This 3rd day of February, 2010.

/s/ Marc P. Solomon
Derek F. Meek
Marc P. Solomon
Burr & Forman LLP
420 North 20th Street, Suite 3400
Birmingham, Alabama 35203
Telephone: (205) 450-5000
Facsimile: (205) 458-5100

and

Bess M. Parrish Creswell
Burr & Forman LLP
P.O Box 2287

Mobile, AL 36652  
Phone: (251) 345-8245  
Fax:     (251) 344-9696  
E-mail: bcreswell@burr.com