UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION (SELMA)

| | | | |
|---|---|---|---|
| IN RE: | * | | |
| | * | | |
| PERRY UNIONTOWN VENTURES I, | * | CASE NO.: | 10-00276-MAM-11 |
| LLC, et al, | * | | Jointly Administered |
| | * | | |
| Debtors. | * | | |

**EXPEDITED MOTION FOR ORDER PURSUANT TO
SECTION 105(a) OF THE BANKRUPTCY CODE
AUTHORIZING PAYMENT OF CERTAIN PREPETITION
OBLIGATIONS AND CONTINUANCE OF CERTAIN PRACTICES**

Perry Uniontown Ventures I, LLC and its subsidiaries, as Debtors and Debtors-in-Possession (collectively, the "Debtors"), by and through its attorneys of record, file this Expedited Motion for Order Pursuant to Section 105(a) of the Bankruptcy Code Authorizing Payment of Certain Prepetition Obligations and Continuance of Certain Practices and respectfully represents the following:

**Background**

1. On January 26, 2010 (the "Commencement Date"), the Debtors each commenced with this Court a voluntary case under Chapter 11 of title 11, United States Code (the "Bankruptcy Code"). The Debtors continue to be authorized to operate their business and manage their properties as Debtors-in-Possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. This Court has issued an order directing joint administration of their Chapter 11 cases pursuant to Bankruptcy Rule 1015(b).

## Jurisdiction

2. This Court has subject matter jurisdiction to consider and determine this motion pursuant to 28 U.S.C. § 1334 and the Order of Reference. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## The Debtors' Business

3. The Debtors are the owner of the Arrowhead Landfill in Perry County, Alabama. This is a state of the art facility which includes an almost 1,000 acre landfill and a permit of up to 27.9 million cubic yards of airspace.

## Relief Requested

4. By this Motion, the Debtors request authority to honor certain prepetition obligations set forth on **Exhibit "A"** which is attached hereto and incorporated by reference for all purposes (the "Critical Expenditures"), and to maintain and continue to honor these obligations postpetition and in the ordinary course of business without interruption through a court-supervised, Debtor-controlled bank account.

5. Section 105(a) of the Bankruptcy Code provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

6. The viability and success of the Debtors' business and the continued safe operation of the Arrowhead Landfill is dependent upon the maintenance of the Critical Expenditures. In the Debtors' business judgment, the uninterrupted continuation payment of the Critical Expenditures by the Debtors is essential to its ability to reorganize successfully. If the Debtors are unable to facility timely and full payment of the Critical

Expenditures (both prepetition and postpetition), its operation will be irreparably harmed and the prospects for successful restructuring will be severely impeded.

7. Indeed, fulfilling Critical Expenditure obligations in the ordinary course of business is particularly important at this time. The Debtors' failure to meet their expectations by not honoring their critical obligations would create doubt in the minds of many and the harm would be severe. The Debtors undoubtedly would be at a competitive disadvantage in the marketplace if they did not continue their strong relationship with those identified as Critical Expenditures. The maintenance of such results, and the maintenance of the Debtors' value as an ongoing enterprise, are very much in the interest of all of the Debtors' creditors.

8. Courts have granted relief akin to that requested in this Motion in other Chapter 11 cases where retaining the loyalty and patronage of certain vendors was critical to a successful reorganization. See *In re Roland Pugh Construction, Inc., 2007 WL 509225, *4 (N.D.Ala. 2007)* (finding bankruptcy courts, including some lower courts in the Eleventh Circuit, have found the use of equity to allow preferential treatment for certain "critical vendors" was justified by the fact that a collapse of the business would harm all parties involved, including the disfavored secured creditors); *In re Fultonville Metal Products, Inc., 330 B.R. 305, 313 (M.D.Fla. 2005)* (finding payment to critical vendors proper where an evidentiary showing has been made that "(1) the payments were necessary to the debtor's reorganization; (2) that a sound business reason justified the payments, in that the vendors would refuse to do business with the debtor absent the payments; and (3) that the disfavored creditors would not be harmed by the payments."); *In re The Pacific Lumber Co., 583 F.3d 229, 238, n. 7 (5th Cir. 2009)* (finding

"[a]lthough there is no explicit code provision allowing this practice, bankruptcy courts have used various code provisions to justify otherwise illegal preferential payment of pre-petition unsecured claims to certain vendors necessary for the reorganization."); and see also *In re Ionosphere Clubs, Inc.*, 98 B.R. 174, 176 (Bankr. S.D.N.Y. 1989) (under "doctrine of necessity," court may authorize payment of prepetition claims "where such payment is essential to the continued operation of the debtor").

9. Based on the foregoing, the Debtors submit the relief requested is necessary and appropriate, is in the best interests of their estates and creditors, and should be granted in all respects.

## Notice

10. No trustee, examiner, or creditors' committee has been appointed in these Chapter 11 cases. The Debtors have served notice of this Motion on (i) the Bankruptcy Administrator for the Southern District of Alabama, (ii) the Debtors' prepetition senior secured bank lenders (through their indenture trustee), (iii) counsel for the operator of the Arrowhead Landfill, (iv) counsel for the Perry County (Alabama) Commission, and (v) the creditors holding the twenty largest unsecured claims against the Debtors' estates. Because of the administrative nature of the relief requested herein, the Debtors submit no other or further notice need be given.

11. No previous request for the relief sought herein has been made by the Debtors to this or any other court.

WHEREFORE the Debtors respectfully request that the Court (i) consider this Motion on an expedited basis; (ii) grant this Motion in all respects; and (iii) grant the Debtors such other and further relief as it deems just and proper.

Submitted this the 11th day of February, 2010.

/s/Jeffery J. Hartley
JEFFERY J. HARTLEY (HART4885)
CHRISTOPHER T. CONTE (CONTC7094)
Attorneys for Debtors

Of counsel:
HELMSING, LEACH, HERLONG,
   NEWMAN & ROUSE, P.C.
Post Office Box 2767
Mobile, AL 36652
(251) 432-5521
(251) 432-0633 Fax

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this the 11th day of February, 2010, served a copy of the referenced pleading upon each of the persons and/or entities listed on the mailing matrix either by electronic mailing or by U.S. Mail, properly addressed and first class postage prepaid.

Bankruptcy Administrator
Post Office Box 3083
Mobile, AL  36652

/s/Jeffery J. Hartley
OF COUNSEL

**EXHIBIT "A"**

| NO. | CRITICAL EXPENSE | COST |
|---|---|---|
| 1. | Perry County (Alabama) Host Fee | $1.00/Ton |
| 2. | Perry County (Alabama) Road Fee | $0.05/Ton |
| 3. | Alabama Department of Revenue, Solid Waste Disposal Fee (Funding for ADEM) | $1.00/Ton (Due Quarterly) |
| 4. | Post-Closure Financial Assurance Accrual (Per ADEM) | $1.20/Ton |
| 5. | HHNT- On-Site Engineering, Monitoring, Reporting, Compliance and Construction: <br><br>(a) Environmental Engineering <br><br>(b) Environmental Monitoring & Reporting <br><br>(c) Construction and Contract Administration | <br><br><br>$10,000/Month (Estimated) <br><br>$ 3,500/Month (Estimated) <br><br>$60,000/Month (Estimated) |
| 6. | Insurance: <br><br>(a) Evanston Insurance Company <br>   Excess Liability Policy <br>   Policy No.: XONJ216709 <br><br>(b) Rockhill Insurance Company <br>   Pollution Liability Policy <br>   Policy No.: R SSPLE 000212-00 <br><br>(c) Rockhill Insurance Company <br>   Commercial General Liability <br>   Policy No.: R CGL E 00258-00 <br><br>(d) Acord Corporation <br>   Property Insurance <br>   Policy No.: MX193008151 | $3,847.77/Month (Aggregate) |