UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION (SELMA)

| | |
|---|---|
| IN RE: ) <br> ) <br> **PERRY UNIONTOWN VENTURES I,** ) <br> **LLC,** *et al.***,** ) <br> ) <br> ) <br> Debtors. ) | **CASE NO: 10-00276-MAM-11** <br> **Jointly Administered** |

**OBJECTION TO EXPEDITED MOTION FOR ORDER PURSUANT
TO SECTION 105(a) OF THE BANKRUPTCY CODE AUTHORIZING
PAYMENT OF CERTAIN PREPETITION OBLIGATIONS AND
CONTINUANCE OF CERTAIN PRACTICES**

COMES NOW, U.S. Bank National Association ("U.S. Bank"), through its undersigned counsel, and files its Objection (the "Objection") to the Expedited Motion for Order Pursuant to Section 105(a) of the Bankruptcy Code Authorizing Payment of Certain Prepetition Obligations and Continuance of Certain Practices [Docket No. 55] (the "Motion"). In support thereof, U.S. Bank states as follows:

**BACKGROUND**

1. U.S. Bank acts as the trustee under that certain Trust Indenture (the "Indenture") dated as of September 6, 2007, by and between Perry Uniontown Ventures I, LLC (the "PUV"), as Issuer, and U.S. Bank, as Trustee, pursuant to which PUV authorized the issuance of the $58,600,000 Perry Uniontown Venture I, LLC Solid Waste Landfill Notes, Series 2007, due July 1, 2010 (as may from time to time be modified, supplemented or amended, the "Notes").

2. The net proceeds from the Notes were to be used to: (i) provide funds to repay temporary financing with respect to the Perry County Associations Landfill located in Perry County, Alabama; (ii) fund the construction and equipping of Tract 1 and a portion of the three

rail spurs; (iii) to fund certain accounts under the Indenture; and (iv) pay certain costs associated with the issuance of the Notes.

4. In order to induce the holders of the notes (the "<u>Noteholders</u>") to purchase the Notes, and to secure the payment of the indebtedness of the Indenture and Notes, PUV provided that certain Mortgage and Security Agreement dated September 7, 2007 (as may from time to time be modified, supplemented or amended, the "<u>Mortgage</u>") by and between PUV and the Trustee.

4. The Mortgage grants the Noteholders a first priority, continuing lien and security interest in (i) all right, title and interest of PUV in and to that certain real estate located in the County of Perry, State of Alabama (the "<u>Land</u>"); (ii) all right, title and interest of PUV in and to all buildings, structures and other improvements on the Land and all rents, income, revenues, issues and profits from and in respect to the Land (the "<u>Mortgage Cash Collateral</u>"); and (iii) all personal property, including all furnishings, equipment, fixtures, supplies, signs and any other equipment used or useful in connection with the operations of the Land, and all additions and appurtenances thereto (the "<u>Personal Property</u>"), among other things.

5. To further secure the payment of the indebtedness of the Indenture and Notes, PUV and John K. Porter, Jr. ("<u>Porter</u>") entered into a Pledge and Security Agreement (the "<u>Pledge</u>") dated September 6, 2007 whereby PUV and Porter granted the Noteholders a first priority, continuing lien and security interest in the membership interest of PUV and the membership interest of Perry County Associates, LLC ("<u>PCA</u>," and collectively with PUV, the "Debtors") (the membership interest of PUV and the membership interest of PCA are collectively referred to herein as the "<u>Membership Interests</u>"), together with all interest, income,

distributions and earnings or other monies or revenues derived from any and all of the Membership Interests, and all proceeds of any and all of the Membership Interests (whether cash or noncash) (the "Pledge Cash Collateral," and collectively with Mortgage Cash Collateral, the "Cash Collateral").

6. On February 11, 2010, the Debtors filed the Motion requesting the Court authorize it to honor certain obligations totaling over $77,300.00 per month, in addition to amounts that will accrue at a total $3.25 per ton, as set forth in Exhibit "A" to the Motion (the "Expenditures"), that the Debtors incurred prepetition and continue to incur postpetition. Further, the Motion requests that the Debtors be allowed to maintain and continue to honor these obligations and pay the Expenditures in the ordinary course of business without interruption through a court-supervised, Debtor-controlled bank account. *See* Motion ¶ 4.

7. Upon information and belief, the Debtor lacks sufficient unencumbered cash to pay the Expenditures.

**OBJECTION**

8. U.S. Bank objects to the relief requested in the Motion to the extent it seeks to pay the Expenditures using funds that constitute U.S. Bank's Cash Collateral. Pursuant to section 363(b) of the Bankruptcy Code, the Debtor may not use the Cash Collateral unless U.S. Bank consents, or the Court, after notice and a hearing, authorizes such use in accordance with section 363(b) of the Bankruptcy Code. Moreover, at any time, on request of an entity that has an interest in property used or proposed to be used by the Debtor, the Court must prohibit or condition such use as is necessary to provide adequate protection of such interest. 11 U.S.C. §363(e). The Debtor bears the burden of proving that U.S. Bank, as a secured creditor, will be

adequately protected during any use of the Cash Collateral or other collateral by the Debtors, including use during an interim period pending entry of a final order. *See* 11 U.S.C. § 363(p)(1).

9. In the Motion, the Debtors are seeking to pay prepetition creditors and incur additional administrative costs at U.S. Bank's expense. Particularly, the Debtors are requesting to pay an unidentified amount in prepetition expenses in addition to making monthly payments in excess of $77,300.00, plus a monthly per ton cost of $3.25, without identifying an estimate of the monthly tonnage at issue. Moreover, the Debtors are requesting the Court approve these payments while neither seeking approval to use the Cash Collateral, nor providing adequate protection to U.S. Bank for such use. The Debtors cannot dispute that all of the income, revenues, issues and profits which may be used by the Debtors to pay the Expenditures serve as U.S. Bank's collateral pursuant to the Indenture and Notes. As such, U.S. Bank requests this Court deny the Motion to the extent it seeks to make prepetition payments or incur additional administrative expense costs for the Expenditures at the expense of U.S. Bank's Cash Collateral.

10. Moreover, while U.S. Bank is not opposed in general to the payment of expenditures arising prepetition if such payments are not made out of U.S. Bank's Cash Collateral and a sufficient basis is set forth justifying payment to vendors critical to the Debtors' reorganization, the Debtors have failed to set forth sufficient facts in the Motion justifying such extraordinary relief under section 105 of the Bankruptcy Code.

## **RESERVATION OF RIGHTS**

11. Consistent with the foregoing, U.S. Bank expressly reserves, and does not waive, any and all rights, claims and/or defenses under its contractual or other arrangements with the Debtors, including the Indenture and Notes. In particular, U.S. Bank reserves the right to oppose

any additional use by the Debtors of Cash Collateral sought at any hearing on Cash Collateral, including on the grounds that U.S. Bank's interests are not being adequately protected, and the right to supplement this Objection or to otherwise assert additional objections to the Motion.

**WHEREFORE,** for the reasons stated, U.S. Bank respectfully requests this Court:

(a)  sustain this Objection;

(b)  deny the Motion, or alternatively, approve the Motion as modified to resolve the issues raised in this Objection; and

(c)  grant U.S. Bank such other and further relief as may be just and proper.

This 22nd day of February, 2010.

/s/ Marc P. Solomon _____
Derek F. Meek
Marc P. Solomon
Burr & Forman LLP
420 North 20th Street, Suite 3400
Birmingham, Alabama  35203
Telephone:     (205) 450-5000
Facsimile:     (205) 458-5100

and

Bess M. Parrish Creswell
Burr & Forman LLP
P.O Box 2287
Mobile, AL 36652
Phone: (251) 345-8245
Fax:    (251) 344-9696
E-mail: bcreswell@burr.com

## CERTIFICATE OF SERVICE

       I hereby certify that I have served a copy of the foregoing document by Notice of Electronic Filing, or, if the party served does not participate in Notice of Electronic Filing, by U.S. First Class Mail, hand delivery, fax or email on this the 22nd day of February, 2010:

Arley D. Finley
6504 Bridgepoint Parkway
Suite 400
Austin, TX 78730
tfinley@diamondmccarthy.com

Clifford H. Walston
6504 Bridgepoint Parkway
Suite 400
Austin, TX 78730
cwalston@diamondmccarthy.com

James D. McCarthy
1201 Elm Street, Suite 3400
Dallas, TX 75270
jmccarthy@diamondmccarthy.com

Jeffery J. Hartley
Helmsing, Leach, Herlon, Newman & Rouse
P.O. Box 2767
Mobile, AL 36652-2767
jjh@helmsinglaw.com

Michael S. Truesdale
6504 Bridgepoint Parkway
Suite 400
Austin, TX 78730
mtruesdale@diamondmccarthy.com

Timothy M. Lupinacci
W. Patton Hahn
Baker Donelson Bearman Caldwell & Berkowitz, PC
420 20th Street North
1600 Wachovia Tower
Birmingham, AL 35203
tlupinacci@bakerdonelson.com
phahn@bakerdonelson.com

Richard E. Riggs
Senior Attorney
Office of the General Counsel

Tennessee Valley Authority
400 West Summit Hill Drive
Knoxville, TN 37902-1401
reriggs@tva.gov

Collins Pettaway, Jr.
Chestnut, Sanders, Sanders & Pettaway, L.L.C.
P.O. Box 1290
Selma, AL 36702-1290

                                        /s/ Marc P. Solomon
                                        OF COUNSEL